IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOMINICKE SANDERS,

        Petitioner,

v.

STEVE FRANKE,

        Respondent.

Case No. 2:16-cv-01891-HZ

OPINION AND ORDER

Corinne J. Lai
Attorney at Law
P.O. Box 2218
Lake Oswego, Oregon 97035

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Frederick M. Boss, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Robbery. For the reasons that follow, the court dismisses the Petition for Writ of Habeas Corpus (#2).

**BACKGROUND**

On June 11, 2007, a jury convicted petitioner of five counts of Robbery in the First Degree and five counts of Robbery in the Second Degree. Petitioner directly appealed these convictions, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Sanders*, 227 Or. App. 506, 206 P.3d 286 (2009), *rev. denied*, 348 Or. 291, 231 P.3d 795 (2010). The effective date of the appellate judgment was June 29, 2010. Respondent's Exhibit 107.

On March 7, 2011, petitioner filed for post-conviction relief ("PCR") in Umatilla County where the PCR court denied relief on his claims. Respondent's Exhibit 125. The Oregon Court of Appeals affirmed the PCR court without opinion, and the Oregon Supreme Court once again denied review. *Sanders v. Franke*, 271 Or. App. 863, 356 P.3d 682, *rev. denied*, 357 Or. 743, 361 P.3d 608 (2015). The effective date of the PCR appellate judgment was October 12, 2015. Respondent's Exhibit 130.

On September 21, 2016, petitioner signed his federal Petition for Writ of Habeas Corpus and delivered it to prison authorities for mailing, thereby filing it under the prison mailbox rule. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir.

2 - OPINION AND ORDER

2000). Respondent asks the court to dismiss the Petition because petitioner failed to file it within the Anti-terrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. Petitioner concedes that he failed to timely file his Petition, but asserts that equitable tolling is appropriate in this case.

## **DISCUSSION**

Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Habeas corpus petitioners must generally file their federal challenges to their state convictions within one year of the conclusion of their direct appellate review.[1] 28 U.S.C. § 2244(d)(1)(A). Petitioner claims that although he failed to

---

[1] The period of direct review also includes the 90-day period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court, whether or not he actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

3 - OPINION AND ORDER

comply with this requirement, equitable tolling is appropriate because he timely filed his PCR action under the applicable state statute of limitations, but did not grasp that the time that accrued between the conclusion of his direct appellate proceedings and the filing of his PCR petition also counted against the AEDPA's one-year statute of limitations.

A litigant's lack of legal sophistication is not an extraordinary circumstance that justifies equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). It is also "unreasonable for a federal habeas petitioner to rely on a state statute of limitations rather than the AEDPA's statute of limitations." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), *cert. denied*, 540 U.S. 924 (2003). Equitable tolling is therefore not appropriate in petitioner's case, and his Petition is dismissed because it is untimely.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is dismissed with prejudice. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 5 day of July, 2017.

*Marco Hernandez*
Marco A. Hernandez
United States District Judge